## MOORE v. AGEE.

Action for a forcible entry and detainer. Plaintiff proved that he had been in possession, and had delivered the same to L. to keep for him, and that afterwards he found defendant in possession, who refused to deliver up the same, and then proposed to prove that defendant had paid L. thirty dollars to deliver possession of the premises to defendant. Held by the court, that this evidence was properly excluded. That there was no evidence on the record of any fraud on the part of defendant, and that, for any thing appearing upon the record, the defendant might have believed that L. was possessed of the premises in his own right.

Appeal from the Circuit Court of Chariton county.

Moore
v.
Agee.

A. Leonard for Appellant.

Davis for Appellee.

*Opinion of the Court, delivered by Tompkins, Judge.*

Moore brought his action for a forcible entry and detainer before a justice of the peace and there obtained a judgment. Agee, the defendant, appealed to the circuit court, and that court gave judgment in favor of Agee, the defendant in the action, and appellee here. On the trial of the cause before the circuit court, the plaintiff proved that he had been in possession of the land in dispute till the year 1839, and that during that year the defendant occupied it under the plaintiff; that at the end of that year, the defendant refusing to deliver up the possession, suit was brought against him by the plaintiff, and that pending that suit, some time in January, in the year 1840, the defendant delivered to the plaintiff the possession of the premises; that as soon as the plaintiff received the possession, he delivered it over to one Lewis to keep for him, free of rent. The plaintiff then proved that on the 20th day of March, 1840, he went upon the land, and found Agee in the possession thereof; that he demanded possession, and that Agee closed the door of the house standing on the land, and refused to deliver possession, and with a gun in his hand, ordered the plaintiff off. The plaintiff then proposed to produce a witness to prove that shortly after Lewis went into possession, some time in the month of February, it was agreed betwixt tne defendant and Lewis that the defendant should pay Lewis thirty dollars, and that Lewis should abandon the possession of the place, in order that the defendant might occupy it; and that the defendant did pay Lewis the said sum of money; that Lewis quit the possession, and that the defendant occupied the premises as soon as they were abandoned by Lewis. The court refused to admit this evidence, the plaintiff suffered a non-suit, and then moved to set aside the non-suit. His motion was overruled by the court, and this act of the court is assigned for error.

In the argument of the cause, the counsel insisted strongly that the contract betwixt Lewis and the defendant was fraudulently contrived by them to deprive the plaintiff, Moore, of the possession. However fraudulently Lewis might have acted, there is no evidence on the record of any fraud on the part of the defendant. For any thing found in the record, he might have believed that Lewis was possessed in his own right, and that Lewis even had the right of property as well as that of possession. The second section of the act concerning forcible entry and detainer is, " That if any person shall enter upon or into any lands, &c. and detain or hold the same with force or a strong hand, &c., every person so offending shall be deemed guilty of a forcible entry and detainer within the meaning of this act."

The 18th section of the same act further provides that "The complainant shall not be compelled to make further proof of the forcible entry or detainer, than that he was lawfully possessed of the premises, and, that the defendant unlawfully entered upon and detained the same."

From this provision of the 18th section it is evident that to make Agee guilty of a forcible detainer against Moore, it was not necessary for him to use his gun, if the right of possession had been in Moore. Indeed, the third section makes a demand in writing, and an omission to deliver possession, a sufficient forcible detainer for the purposes of this action, when the plaintiff has the right of possession. But what right of possession has he shown here? He delivers to Lewis the possession of a lot of land to keep for his use; land, in all probability on which they were each trespassers, that is, land of the United States, and Lewis, as he offered to prove, sold the possession to Agee. It is true, that fraud and collusion was earnestly insisted on in the argument of the cause, but not even offered to be proved. Writers on natural law tell us, that in a state of nature, the first occupant of a spot has a right to exclude all others so long as he remains on that spot. In a state of society a little advanced in civilization, the occupant bestows some labor, and thereby indicates an intention of a more permanent occupancy; then a short absence is not considered an abandon-

APRIL TERM.
1842.

Moore
v.
Agee.

Action for a forcible entry and detainer. Plaintiff proved that he had been in possession, and had delivered the same to L. to keep for him; and that afterwards he found defendant in possession, who refused to deliver up the same, and then proposed to prove that defendant had paid L. thirty dollars to deliver possession of the premises to defendant. Held by the court that this evidence was properly excluded. That there was no evidence on the record of any fraud on the part of defendant, and that, for any thing appearing upon the record, the defendant might have believed that L. was possessed of the premises in his own right.

APRIL TERM.
1842.

Moore
v.
Agee.

ment of his right of occupancy. And this right continues so long as the intention of returning is manifested; and so long others, with no right of property, are held bound to respect his right of possession. But Moore puts on this land an agent to represent him, who sells the right of possession, and Agee, for any thing here shown, or offered to be shown, deals with him in good faith. The circuit court, as it seems to me, very properly excluded the testimony offered by the plaintiff, and its judgment is therefore affirmed.